# EXHIBIT 1

Filing # 145071962 E-Filed 03/04/2022 10:23:48 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

LAWRENCE TAVARES,
an individual, and
JOANNA TAVARES,
an individual

       Plaintiff,

vs.

PELICAN INTERNATIONAL, INC,
a Foreign Profit Corporation, and
ZORG, INC.,
a Foreign Profit Corporation, and
DICKS SPORTING GOODS, INC.,
a Foreign For-Profit Corporation

       Defendant.
_____/

## COMPLAINT

Plaintiffs, LAWRENCE TAVARES and JOANNA TAVARES, sues Defendants, PELICAN INTERNATIONAL, INC., ("Pelican International"), ZORG, INC., ("Zorg"), and DICKS SPORTING GOODS, INC., ("Dicks Sporting Goods"), and alleges

1. This is an action for damages in excess of $30,000.00, exclusive of costs.

2. At all times material, Plaintiff resided in Jacksonville, Duval County, Florida.

3. At all times material, Defendant PELICAN INTERNATIONAL, INC., was a foreign for-profit corporation, engaged in the business of designing, manufacturing, distributing and/or selling kayaks in the United States, including the State of Florida.

4. At all times material, Defendant DICKS SPORTING GOODS, INC., was a foreign for-profit corporation, engaged in the business of distributing and/or selling kayaks in the United States, including the State of Florida.

5. At all times material, Defendant ZORG, INC., was a foreign for-profit corporation, engaged in the business of designing, manufacturing, distributing and/or selling kayaks in the United States, including the State of Florida.

6. On or about June 23, 2018, the Plaintiff purchased a Pelican Blitz 130T Kayak from Defendant DICKS SPORTING GOODS, INC in Duval County, Florida.

7. The Pelican Blitz 130T Kayak was manufactured and/or distributed by the Defendants PELICAN INTERNATIONAL, INC and/or ZORG, INC.

8. The Pelican Blitz 130T is a three-person Kayak designed for sit-on-top use.

9. On that same day, June 23, 2018, the Plaintiffs, along with their five year old son, took the kayak to Fort George Inlet in Duval County, Florida.

10. At that time and place the Plaintiffs, along with their five-year-old son, used the kayak for its intended purpose, specifically kayaking in a inlet.

11. Shortly after putting the kayak into the water and while paddling in middle of the inlet, the kayak began taking on water and sinking.

### COUNT I – LAWRENCE TAVARES' CLAIM FOR STRICT PRODUCT LIABLITY AS TO PELICAN INTERNATIONAL, INC.

12. Plaintiff Lawrence Taveres incorporates by reference paragraphs 1-11

13. While using the subject kayak for its intend purpose, the subject kayak failed to meet a reasonable consumers expectations in that the kayak sank.

14. The subject kayak sank because of a defect in design or defect created in the manufacturing process.

15. Specifically, the kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

16. This defect represented an unreasonably dangerous condition.

17. As direct and proximate cause of the defective condition and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, LAWRENCE TAVARES demands judgment for damages against Defendant, PELICAN INTERNATIONAL, INC., and demands a jury trial.

### COUNT II– LAWRENCE TAVERES' CLAIM FOR NEGLIGENCE AGAINST PELICAN INTERNATIONAL, INC

18. Plaintiff incorporates by reference paragraphs 1-11.

19. The kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

20. This defect represented an unreasonably dangerous condition.

21. The Defendant owed Plaintiff a duty of reasonable care to manufacture its products in a reasonably safe manner, so as to be free from dangerous conditions.

22. The dangerous condition of the subject kayak was created by the defendant, known to the defendant or should have been discovered by the defendant by reasonable inspection of the product, design and manufacturing process.

23. The Defendant breached its duty to Plaintiff by manufacturing, distributing or selling the subject product in a defective condition.

24. Additionally, Defendant owed Plaintiff a duty of reasonable care to warn of any dangerous conditions, such as a propensity to sink, that it knew or should have known existed with the subject kayak.

25. Defendant breached this duty by failing to warn of the defective condition of the subject kayak.

26. As direct and proximate cause of the breach of duty and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, LAWRENCE TAVARES demands judgment for damages against Defendant, PELICAN INTERNATIONAL, INC., and demands a jury trial.

### COUNT III – JOANNA TAVARES' CLAIM FOR STRICT PRODUCT LIABLITY AS TO PELICAN INTERNATIONAL, INC.

27. Plaintiff Joanna Taveres incorporates by reference paragraphs 1-11

28. While using the subject kayak for its intend purpose, the subject kayak failed to meet a reasonable consumers expectations in that the kayak sank.

29. The subject kayak sank because of a defect in design or defect created in the manufacturing process.

30. Specifically, the kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

31. This defect represented an unreasonably dangerous condition.

32. As direct and proximate cause of the defective condition and while trying to avoid drowning and save her family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOANNA TAVARES demands judgment for damages against Defendant, PELICAN INTERNATIONAL, INC., and demands a jury trial.

### COUNT IV– JOANNA TAVERES' CLAIM FOR NEGLIGENCE AGAINST PELICAN INTERNATIONAL, INC

33. Plaintiff incorporates by reference paragraphs 1-11.

34. The kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

35. This defect represented an unreasonably dangerous condition.

36. The Defendant owed Plaintiff a duty of reasonable care to manufacture its products in a reasonably safe manner, so as to be free from dangerous conditions.

37. The dangerous condition of the subject kayak was created by the defendant, known to the defendant or should have been discovered by the defendant by reasonable inspection of the product, design and manufacturing process.

38. The Defendant breached its duty to Plaintiff by manufacturing, distributing or selling the subject product in a defective condition.

39. Additionally, Defendant owed Plaintiff a duty of reasonable care to warn of any dangerous conditions, such as a propensity to sink, that it knew or should have known existed with the subject kayak.

40. Defendant breached this duty by failing to warn of the defective condition of the subject kayak.

41. As direct and proximate cause of the breach of duty and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOANNA TAVARES demands judgment for damages against Defendant, PELICAN INTERNATIONAL, INC., and demands a jury trial.

## COUNT V– LAWRENCE TAVARES' CLAIM FOR STRICT PRODUCT LIABLITY AS TO ZORG, INC

42. Plaintiff Lawrence Taveres incorporates by reference paragraphs 1-11

43. While using the subject kayak for its intend purpose, the subject kayak failed to meet a reasonable consumers expectations in that the kayak sank.

44. The subject kayak sank because of a defect in design or defect created in the manufacturing process.

45. Specifically, the kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

46. This defect represented an unreasonably dangerous condition.

47. As direct and proximate cause of the defective condition and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

   **WHEREFORE**, Plaintiff, LAWRENCE TAVARES demands judgment for damages against Defendant, ZORG, INC., and demands a jury trial.

## COUNT VI– LAWRENCE TAVERES' CLAIM FOR NEGLIGENCE AGAINST ZORG, INC

48. Plaintiff incorporates by reference paragraphs 1-11.

49. The kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

50. This defect represented an unreasonably dangerous condition.

51. The Defendant owed Plaintiff a duty of reasonable care to manufacture its products in a reasonably safe manner, so as to be free from dangerous conditions.

52. The dangerous condition of the subject kayak was created by the defendant, known to the defendant or should have been discovered by the defendant by reasonable inspection of the product, design and manufacturing process.

53. The Defendant breached its duty to Plaintiff by manufacturing, distributing or selling the subject product in a defective condition.

54. Additionally, Defendant owed Plaintiff a duty of reasonable care to warn of any dangerous conditions, such as a propensity to sink, that it knew or should have known existed with the subject kayak.

55. Defendant breached this duty by failing to warn of the defective condition of the subject kayak.

56. As direct and proximate cause of the breach of duty and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

  **WHEREFORE**, Plaintiff, LAWRENCE TAVARES demands judgment for damages against Defendant, ZORG, INC., and demands a jury trial.

## COUNT VII– JOANNA TAVARES' CLAIM FOR STRICT PRODUCT LIABLITY AS TO ZORG, INC

57. Plaintiff Joanna Taveres incorporates by reference paragraphs 1-11

58. While using the subject kayak for its intend purpose, the subject kayak failed to meet a reasonable consumers expectations in that the kayak sank.

59. The subject kayak sank because of a defect in design or defect created in the manufacturing process.

60. Specifically, the kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

61. This defect represented an unreasonably dangerous condition.

62. As direct and proximate cause of the defective condition and while trying to avoid drowning and save her family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

  **WHEREFORE**, Plaintiff, JOANNA TAVARES demands judgment for damages against Defendant, ZORG, INC., and demands a jury trial.

## COUNT VIII– JOANNA TAVERES' CLAIM FOR NEGLIGENCE AGAINST ZORG, INC

63. Plaintiff incorporates by reference paragraphs 1-11.

64. The kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

65. This defect represented an unreasonably dangerous condition.

66. The Defendant owed Plaintiff a duty of reasonable care to manufacture its products in a reasonably safe manner, so as to be free from dangerous conditions.

67. The dangerous condition of the subject kayak was created by the defendant, known to the defendant or should have been discovered by the defendant by reasonable inspection of the product, design and manufacturing process.

68. The Defendant breached its duty to Plaintiff by manufacturing, distributing or selling the subject product in a defective condition.

69. Additionally, Defendant owed Plaintiff a duty of reasonable care to warn of any dangerous conditions, such as a propensity to sink, that it knew or should have known existed with the subject kayak.

70. Defendant breached this duty by failing to warn of the defective condition of the subject kayak.

71. As direct and proximate cause of the breach of duty and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of

earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOANNA TAVARES demands judgment for damages against Defendant, ZORG, INC., and demands a jury trial.

### COUNT IX– LAWRENCE TAVARES' CLAIM FOR STRICT PRODUCT LIABLITY AS TO DICKS SPORTING GOODS, INC

72. Plaintiff Lawrence Taveres incorporates by reference paragraphs 1-11

73. While using the subject kayak for its intend purpose, the subject kayak failed to meet a reasonable consumers expectations in that the kayak sank.

74. The subject kayak sank because of a defect in design or defect created in the manufacturing process.

75. Specifically, the kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

76. This defect represented an unreasonably dangerous condition.

77. The defect existed at the time the subject Kayak was sold to the Plaintiff.

78. As direct and proximate cause of the defective condition and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, LAWRENCE TAVARES demands judgment for damages against Defendant, DICKS SPORTING GOODS, INC., and demands a jury trial.

## COUNT X– LAWRENCE TAVERES' CLAIM FOR NEGLIGENCE AGAINST DICKS SPORTING GOODS, INC

79. Plaintiff incorporates by reference paragraphs 1-11.

80. The kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

81. This defect represented an unreasonably dangerous condition.

82. The defect existed at the time the subject Kayak was sold to the Plaintiff.

83. The Defendant owed Plaintiff a duty of reasonable care to manufacture its products in a reasonably safe manner, so as to be free from dangerous conditions.

84. The dangerous condition of the subject kayak was created by the defendant, known to the defendant or should have been discovered by the defendant by reasonable inspection of the product, design and manufacturing process.

85. The Defendant breached its duty to Plaintiff by manufacturing, distributing or selling the subject product in a defective condition.

86. Additionally, Defendant owed Plaintiff a duty of reasonable care to warn of any dangerous conditions, such as a propensity to sink, that it knew or should have known existed with the subject kayak.

87. Defendant breached this duty by failing to warn of the defective condition of the subject kayak.

88. As direct and proximate cause of the breach of duty and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent

physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, LAWRENCE TAVARES demands judgment for damages against Defendant, DICKS SPORTING GOODS, INC., and demands a jury trial.

### COUNT XI– JOANNA TAVARES' CLAIM FOR STRICT PRODUCT LIABLITY AS TO DICKS SPORTING GOODS, INC

89. Plaintiff Joanna Taveres incorporates by reference paragraphs 1-11

90. While using the subject kayak for its intend purpose, the subject kayak failed to meet a reasonable consumers expectations in that the kayak sank.

91. The subject kayak sank because of a defect in design or defect created in the manufacturing process.

92. Specifically, the kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

93. This defect represented an unreasonably dangerous condition.

94. The defect existed at the time the subject Kayak was sold to the Plaintiff.

95. As direct and proximate cause of the defective condition and while trying to avoid drowning and save her family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not

limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOANNA TAVARES demands judgment for damages against Defendant, DICKS SPORTING GOODS, INC., and demands a jury trial.

## COUNT XII– JOANNA TAVERES' CLAIM FOR NEGLIGENCE AGAINST DICKS SPORTING GOODS, INC

96. Plaintiff incorporates by reference paragraphs 1-11.

97. The kayak's hull was manufactured in a defective way so that when used as intended and directed by the Defendant, the kayak's hull would fill with water, submerge and sink.

98. This defect represented an unreasonably dangerous condition.

99. The defect existed at the time the subject Kayak was sold to the Plaintiff.

100. The Defendant owed Plaintiff a duty of reasonable care to manufacture its products in a reasonably safe manner, so as to be free from dangerous conditions.

101. The dangerous condition of the subject kayak was created by the defendant, known to the defendant or should have been discovered by the defendant by reasonable inspection of the product, design and manufacturing process.

102. The Defendant breached its duty to Plaintiff by manufacturing, distributing or selling the subject product in a defective condition.

103. Additionally, Defendant owed Plaintiff a duty of reasonable care to warn of any dangerous conditions, such as a propensity to sink, that it knew or should have known existed with the subject kayak.

104. Defendant breached this duty by failing to warn of the defective condition of the subject kayak.

105. As direct and proximate cause of the breach of duty and while trying to avoid drowning and save his family, the Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, JOANNA TAVARES demands judgment for damages against Defendant, DICKS SPORTING GOODS, INC., and demands a jury trial.

Dated on this 4th day of March 2022.

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI

/s/ Michael K. Roberts
_____
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
Attorney for Plaintiff

## DESIGNATION OF E-MAIL ADDRESSES FOR SERVICE OF DOCUMENTS

Pursuant to Fla.R.Civ.P.2.516 (effective September 1, 2012), attorney for Plaintiff, designates the following email addresses for the purpose of service of all documents in the proceeding required by the Rule.

Primary email address: mroberts@nrhnlaw.com
Seconadary email addresses: azepf@nrhnlaw.com
pleadings@nrhnlaw.com

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI

/s/ Michael K. Roberts
_____
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
Attorney for Plaintiff